NOAH GRAFF, Assistant Chief Counsel, SBN 192795
NGraff@scif.com
R. TIMOTHY O'CONNOR, Staff Counsel, SBN 179631
RTOConnor@scif.com
JOHN B. DE LEON, Staff Counsel, SBN 261381
JdeLeon2@scif.com
STATE COMPENSATION INSURANCE FUND
900 Corporate Center Drive, Suite 401
Monterey Park, California  91754
Telephone: (323) 266-5321   Facsimile: (323) 526-2012

Attorneys for Defendant
STATE COMPENSATION INSURANCE FUND

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE OAK MEDICAL GROUP, A MEDICAL CORPORATION, a California Medical Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STATE COMPENSATION INSURANCE FUND, a California Corporation; EXPRESS SCRIPTS, INC., a Delaware Corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-03867-RGK-SK<br><br>**DEFENDANT STATE COMPENSATION INSURANCE FUND'S REPLY TO DEFENDANT STATE COMPENSATION INSURANCE FUND'S SPECIAL MOTION TO STRIKE STATE LAW CAUSE OF ACTION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16**<br><br>Hearing Date:   October 15, 2018<br>Time:   9:00 a.m.<br>Judge:   R. Gary Klausner<br>Courtroom:   850 |

1

<u>TABLE OF CONTENTS</u>

2

PAGE(S)

3  TABLE OF CONTENTS ...........................................................................i

4  TABLE OF AUTHORITIES.......................................................... ii, iii, iv

5  I.   INTRODUCTION .......................................................................1

6  II.  PLAINTIFF'S FAC SHOULD BE STRICKEN BECAUSE IT

7       IMPERMISSIBLY BURDEN'S STATE FUND'S CONSTITUTIONAL

8       RIGHTS AND PLAINTIFF CANNOT SHOW ANY PROBABILITY

9       OF PREVAILING ......................................................................2

10      A.  Plaintiff's Lawsuit Attempts to Chill State Fund's Valid Exercise

11          of its Right to Petition the Government for Redress of Grievances

12          Because it Seeks to Bar State Fund From Litigating Whether State

13          Fund Must Pay For Medication Dispensed in Violation of State

14          Fund's Pharmacy Benefit Network Policy ...........................................2

15          1.  Litigation Before the WCAB is a Judicial Proceeding and

16              Entitled to Protection Under Anti-SLAPP.......................................3

17          2.  There is No Preclusive Effect From the Case Cited

18              by Plaintiffs ..................................................................5

19      B.  Plaintiff Has Not Pled A Legally-Cognizable Claim and Therefore

20          Cannot Show Any Possibility of Prevailing .........................................6

21          1.  The Noerr-Pennington Doctrine is Dispositive And Protects

22              State Fund's Litigation Activities Before the WCAB ...................6

23          2.  Plaintiff Cannot Plead Itself Out of the Workers'

24              Compensation Exclusivity Doctrine and This Court Should

25              Find No RICO Action Here ...........................................................9

26      C.  The Court Should Both Dismiss And Strike Paintiff's FAC...............9

27  III. CONCLUSION ........................................................................10

28

i

# TABLE OF AUTHORITIES

## CASES                                                                PAGE(S)

*Angelotti Chiropractic v. Baker*
791 F.3d 1075 (2015) ...................................................................................... 3

*Baral v. Schnit*
1 Cal.5th 376 (2016) ....................................................................................... 4

*Barry v. State Bar of Cal*
2 Cal.5th 318 (2017) ..................................................................................... 10

*Batzel v. Smith*
333 F.3d 1018 (9th Cir. 2003) ....................................................................... 10

*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*
24 Cal.4th 800 (2001) ...................................................................................... 9

*Chavez v. Mendoza*
94 Cal.App.4th 1083 (2001) ............................................................................ 4

*Crawford v. Workers' Comp. Appeals Bd.*
213 Cal.App.3d 156 (1989) .............................................................................. 3

*EEOC v. Farmer Bros. Co.*
31 F.3d 891 (1994) .......................................................................................... 1

*Gulf States Utils. Co. v. Ecodyne Corp.*
635 F.2d 517 (5th Cir. 1981) ........................................................................... 1

*Healy v. Tuscany Hills Landscape & Recreation Corp.*
137 Cal.App.4th 1 (2006) ................................................................................ 4

*Helene Curtis v. Assessment Appeals Bd.*
76 Cal.App.4th 124 (1999) .............................................................................. 5

*Kashian v. Harriman*
98 Cal.App.4th 892 (2002) .............................................................................. 4

*Lucido v. Sup. Ct.*
51 Cal.3d 335 (1990) ....................................................................................... 6

ii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Marrese v. Am. Acad. of Ortho. Surgeons*
470 U.S. 373 (1985)..............................................................................5

*Moss Bros. Toy, Inc. v. Ruiz*
2018 Cal.App. LEXIS 837 (Sept. 20, 2018).............................................5

*Neder v. United States*
527 U.S. 1 (1999).................................................................................9

*Neville v. Chudacoff*
160 Cal.App.4th 1255 (2008) ...............................................................4

*Parkland Hosiery Co. v. Shore*
439 U.S. 322 (1979).............................................................................6

*Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guar. Ass'n*
136 Cal.App.4th 464 (2006) ...........................................................4, 7

*Roberts v. Los Angeles Cty. Bar Ass'n.*
105 Cal.App.4th 604 (2003) ..............................................................10

*Samara v. Matar*
5 Cal.5th 322 (2018)............................................................................5

*Seltzer v. Barnes*
182 Cal.App.4th 953 (2010) ........................................................3, 4, 8

*Smith v. ExxonMobil Oil Corp.*
153 Cal.App.4th 1407 (2007) ...............................................................6

*United States v. Mendoza*
446 U.S. 154 (1984).............................................................................5

*Vandenberg v. Sup. Ct.*
21 Cal.4th 815 (1999)..........................................................................6

*Vanguard Med. Mgmt. Billing v. Baker*
No. 5:17-cv-00965-GW-DTB (C.D. Cal. filed April 26, 2018)..........................8

iii

## STATUTES & REGULATIONS                                    PAGE(S)

California Code of Civil Procedure § 425.16 .............................................. 1, 3, 4, 8

California Code of Regulations, Title 8 § 9767 ........................................................ 7

California Labor Code § 3202.5 ............................................................................. 7

California Labor Code § 4600 ................................................................................. 8

California Labor Code § 4615 ........................................................................... 8, 10

California Labor Code § 4616.3 ............................................................................. 7

California Labor Code § 4903 ................................................................................. 7

California Labor Code § 4915 ................................................................................. 7

California Labor Code § 5307.1 ............................................................................. 7

California Labor Code § 5705 ................................................................................. 7

Federal Rule of Civil Procedure 12 ....................................................................... 2

CASE NO.: 2:18-cv-03867-RGK-SK
STATE FUND'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO
STRIKE UNDER CAL. CODE OF CIV. PRO. § 425.16

**REPLY**

## I.    INTRODUCTION

Plaintiff Blue Oak Medical Group ("BOMG") cannot dispute State Compensation Insurance Fund ("State Fund")'s Special Motion to Strike Plaintiff's First-Amended Complaint under Cal. Code of Civ. Pro. § 425.16 ("anti-SLAPP"), so instead Plaintiff engages in a series of logical fallacies.

First, Plaintiff engages in *ad hominem* attacks against State Fund and its expert, Former Chief Judge Mark Kahn. Plaintiff cannot dispute the facts stated in his declaration. Instead, it chooses to attack Chief Judge Mark Kahn's integrity and attempts to drag his good name through the mud in a desperate attempt to distract the Court from reviewing how California's workers' compensation laws evolved over the past century. Despite Plaintiff's protests, Judge Kahn's declaration is proper. It meets State Fund's statutory obligation to support its anti-SLAPP with "affidavits." Plaintiff's prejudice argument is substantially without merit the motions, which were supported by the declarations, will be decided by the Court. *Cf. EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 898 (1994) ("[I]n a bench trial, the risk that a verdict will be affected unfairly or substantially by the admission of irrelevant evidence is far less than in a jury trial.")[1]

Second, Plaintiff introduces an unpublished opinion in an inapposite case and argues that the case – finding Utilization Review ("UR") was not sufficiently judicial and formal in character to subject statements made to an anti-SLAPP motion. Whereas this case deals directly with statements made in the course of ongoing litigation before the Workers' Compensation Appeals Board ("WCAB").

Finally, it continues its nonsensical strawman argument that State Fund asserts Plaintiff cannot dispense medication to its patients. State Fund makes no such claim.

---

[1] Indeed, many courts have found it utterly illogical to exclude evidence as prejudicial where a court is the ultimate fact-finder. *See Gulf States Utils. Co. v. Ecodyne Corp.,* 635 F.2d 517, 519 (5th Cir. 1981).

**Plaintiff can dispense medication to whomever it wishes – however, if it wants to get paid it must comply with the law.**

Plaintiff spuriously alleges some secret conspiracy and collusion in effect arguing, by yelling collusion, it can wish into existence a fanciful cause of action based on imagined harm to recover theoretical property. At worst, Plaintiff's FAC alleges State Fund failed to provide workers' compensation benefits to individual injured workers on a case-by-case basis – run-of-the-mill treatment disputes subject to the exclusive jurisdiction of the WCAB. Worse, Plaintiff is using the judicial process to discourage and chill State Fund's exercise of its rights of free speech and petition on a claim that has no merit. For these reasons, State Fund respectfully requests that the Court grant its anti-SLAPP motion.

## II. <u>PLAINTIFF'S FAC SHOULD BE STRICKEN BECAUSE IT IMPERMISSIBLY BURDEN'S STATE FUND'S CONSTITUTIONAL RIGHTS AND PLAINTIFF CANNOT SHOW ANY PROBABILITY OF PREVAILING.</u>

Plaintiff's FAC impermissibly attempts to chill State Fund's right to free speech and petition the government for redress of grievances. Plaintiff cannot show any probability of prevailing because, as argued further in State Fund's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss, it has not pled any legally-cognizable claims. Finally, Plaintiff's argument that it cannot rule on State Fund's anti-SLAPP motion because it would be a nullity should be rejected as it creates a perverse incentive for litigants, like Plaintiff, to flood courts with frivolous complaints. State Fund respectfully requests that the Court grant its anti-SLAPP motion.

**A. Plaintiff's Lawsuit Attempts to Chill State Fund's Valid Exercise of its Right to Petition the Government for Redress of Grievances Because it Seeks to Bar State Fund From Litigating Whether State Fund Must Pay For Medication Dispensed in Violation of State Fund's PBN Policy**

It cannot be disputed that the WCAB is a constitutional court "authorized to

exercise judicial power in all disputes arising under the Workers' Compensation Act." *Crawford v. Workers' Comp. Appeals Bd.,* 213 Cal.App.3d 156, 164 (1989). State Fund issued letters stating that any purported approval of medication is not authorization to dispense medication from the physician's office and that injured employees must use State Fund's ancillary benefit networks – including its Pharmacy Benefit Network ("PBN")[2]. This statement was made in the course of ongoing workers' compensation litigation and served to protect its right to defend nonpayment to providers – like Plaintiff – who ignored California workers' compensation law, State Fund's policy, and its own contractual obligations by dispensing medication it prescribed directly to injured workers.

      1. <u>Litigation Before the WCAB is a Judicial Proceeding and Entitled to Protection Under Anti-SLAPP.</u>

Each document submitted by State Fund was created in the course of and preparation for active litigation before the WCAB. This makes moot Plaintiff's argument regarding pre-litigation conduct because the conduct occurred in actual litigation. The adjudication of liens is analogous to conventional litigation activity (*Cf. Angelotti Chiropractic v. Baker,* 791 F.3d 1075, 1084 (2015) (finding the imposition of a lien activation fee as akin to filing fees in conventional litigation)) entitled to protection under anti-SLAPP. *See Seltzer v. Barnes,* 182 Cal.App.4th 953, 958 (2010) (finding statements made to other parties in the course of pending litigation as protected under anti-SLAPP).

Instructively, in *Seltzer*, the California Appellate Court reversed the trial court and remanded with instructions to grant the anti-SLAPP motion stating:

> Appellant contends this case falls under section 425.16, subdivision (e)(2), which includes statements made in connection with civil court litigation. (*Healy v. Tuscany Hills Landscape &*

---

[2] Plaintiff, at all relevant times, agreed to be bound by the terms. *See, generally,* Declaration of Rick Martinez ("Martinez Decl."); Declaration of R. Timothy O'Connor ("O'Connor Decl.").

*Recreation Corp.* (2006) 137 Cal.App.4th 1, 4–5 [39 Cal.Rptr.3d 547].) Cases construing the subdivision hold that "a statement is 'in connection with' litigation under section 425.16, subdivision (e)(2), if it relates to the substantive issues in the litigation and is directed to persons having some interest in the litigation." (*Neville v. Chudacoff* (2008) 160 Cal.App.4th 1255, 1266 [73 Cal.Rptr.3d 383], fn. omitted; *see also Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 908 [120 Cal.Rptr.2d 576] [courts have adopted "a fairly expansive view of what constitutes litigation-related activities within the scope of section 425.16"].) *Id.* at 963

The California Court rejected the plaintiff/respondent Seltzer's argument on appeal that only valid communications were protected and that the communications in *Seltzer* were fraudulent. *Id.* at 964. Instead, it stated that the communications themselves were protected and that "a court must generally presume the validity of the claimed constitutional right in the first step of the anti-SLAPP analysis." *Id.* (quoting *Chavez v. Mendoza,* 94 Cal.App.4th 1083, 1089 (2001)).

State Fund and Plaintiff's only relationship was in the context of litigation before the WCAB within California's workers' compensation system. *See* Pl.'s FAC, p. 3 ¶ 14. Any statements made between State Fund and Plaintiff necessarily occurred within the context of active litigation before the WCAB – an official judicial proceeding authorized and created by California's legislature. *See Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guar. Ass'n,* 136 Cal.App.4th 464, 477 (2006) (finding that petitioning the WCAB in the context of liens and bills is exercise of the right to petition protected by anti-SLAPP and within the *Noerr-Pennington* doctrine). Plaintiff cannot artfully parse out conduct and statements in the course of workers' compensation litigation and the focus is on the reality of the specific claims before the Court. *See Baral v. Schnitt,* 1 Cal.5th 376, 393 (2016) ("The anti-SLAPP procedures are designed to shield a defendant's constitutionally protected conduct from the undue burden of frivolous litigation…" and "courts may rule on plaintiffs' specific claims of protected activity, rather than reward artful pleading by ignoring such claims if they are mixed with assertions of unprotected activity.").

4

CASE NO.: 2:18-cv-03867-RGK-SK
STATE FUND'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO
STRIKE UNDER CAL. CODE OF CIV. PRO. § 425.16

This was made clear in the recent case of *Moss Bros. Toy, Inc. v. Ruiz,* 2018 Cal.App. LEXIS 837 (Sept. 20, 2018) (certified for partial publication), the California Appellate Court found the first prong satisfied where the stricken lawsuit was filed based on the protected activity of filing a complaint. *See id.* at *25. Here, the FAC is based on the protected activity of challenging Plaintiff's conduct in defense of Plaintiff's liens, in the course of litigation before the WCAB.

Plaintiff's entire argument ignores the background of California's workers' compensation system and that all of the communications occur in active litigation before the WCAB. This, alone, differentiates workers' compensation litigation from other types of insurance litigation Plaintiff cites liberally throughout its Opposition. As State Fund's statements all occurred in the context of litigation to individuals affected by the litigation, they are protected and State Fund respectfully requests that the Court find State Fund satisfied the first prong of the anti-SLAPP inquiry.

### 2.   There is No Preclusive Effect From the Case Cited by Plaintiffs

Federal courts must apply state substantive law to determine the preclusive effect of that state's judgment in a subsequent federal lawsuit[3]. *Marrese v. Am. Acad. of Ortho. Surgeons,* 470 U.S. 373, 380 (1985).

Issue preclusion prevents parties from re-litigating previously-decided issues and applies (1) on a final judgment (2) of an identical issue (3) that was actually litigated and necessarily decided and (4) is asserted against a party to the first suit or in privity with a party in that suit. *Samara v. Matar,* 5 Cal.5th 322, 326-27 (2018). Where issue preclusion is invoked by a nonparty there is a danger of injustice and a court should closely examine the underlying case "to determine whether nonmutual use of the doctrine is fair and appropriate." *Vandenberg v. Sup. Ct.,* 21 Cal.4th 815, 829-30 (1999) (citing *Parkland Hosiery Co. v. Shore,* 439 U.S. 322, 326-33 (1979)).

---

[3] There is also a question of whether offensive, non-mutual claims preclusion can be asserted against a governmental agency. *See United States v. Mendoza,* 446 U.S. 154, 162 (1984); *see also Helene Curtis v. Assessment Appeals Bd.,* 76 Cal.App.4th 124, 133 (1999).

1   To determine whether issues are "identical," a court looks at whether the factual
2   allegations in the two proceedings are the same and not whether the ultimate issues or
3   disposition is the same. *Lucido v. Sup. Ct.,* 51 Cal.3d 335, 342 (1990). Even where a
4   party meets the technical requirements of issue preclusion, as an equitable doctrine, it
5   is to be applied only if application is supported by fairness and sound public policy.
6   *Smith v. ExxonMobil Oil Corp.,* 153 Cal.App.4th 1407, 1414 (2007).

7           Notwithstanding Plaintiff's assertions to the contrary, its Opposition makes
8   clear that the factual underpinnings of this case and its cited case are not identical,
9   this case deals with State Fund's letters which state: "[a]uthorization of medication
10  does not constitute approval to dispense medications from the physician's office" to
11  preserve State Fund's ability to litigate the issue of payment where injured employees
12  self-procure treatment outside of State Fund's PBN. The *Elec. Waveform Lab v. EK*
13  *Health Svcs., Inc.* case dealt with whether independent UR medical opinions within
14  the Independent Medical Review ("IMR") system were sufficiently judicial in nature
15  to be protected by California's anti-SLAPP law. 80 Cal. Comp. Cases 87, 98 (2nd
16  Dist. Ct. of Appeal, Feb. 11, 2015) ("UR review is medical rather than legal and
17  informal rather than formal.") Here, State Fund's actions were taken in the course of
18  litigation in a judicial forum so that the issues of reasonableness, medical necessity,
19  and other ancillary issues regarding entitlement to payment (e.g., failure to dispense
20  medication through the PBN) would be preserved and adjudicated by the WCAB.

21          The issues are not identical and State Fund respectfully requests that the Court
22  decline application of issue preclusion in this case.

23      **B. Plaintiff Has Not Pled A Legally-Cognizable Claim and Therefore**
24          **Cannot Show Any Possibility of Prevailing**

25              1. The *Noerr-Pennington* Doctrine is Dispositive And Protects State Fund's
26                  Litigation Activities Before the WCAB

27          In *Premier Med. Mgmt. Sys., Inc.,* California's appellate court found the *Noerr-*
28  *Pennington* doctrine applied to conduct before the WCAB to protect actions which

"took place in anticipation of, or during, proceedings before the WCAB." 136 Cal.App.4th at 478. Similarly, all of the proceedings here took place during proceedings before the WCAB. Each of the forms attached to Plaintiff's Opposition are DWC Form Documents created during the course of workers' compensation litigation.

Plaintiff, again, argues that where State Fund approves medication it must pay for that medication without regard to how the medication was dispensed. This is simply false. There are several procedural deficiencies which can render an otherwise technically compliant bill as unpayable including, among others:

- Non-compliance with Labor Code Section 4903.8(d) which requires liens to be filed with a declaration under penalty of perjury. Failure to comply with that code section renders the entire lien invalid. Cal. Lab. Code § 4903.8(e) ("A lien submitted… that does not comply with the requirements of this section shall be deemed invalid.").

- Subject to a stay under Labor Code Section 4915 (which stays all of the liens for certain individuals charged with certain crimes)[4].

- Failure to comply with the Official Medical Fee Schedule under Labor Code Section 5307.1(a)(1). *See* Cal. Lab. Code §§ 5705 & 3202.5.

- Failure to comply with applicable MPN and ancillary benefit network laws and regulations (including those which apply to PBNs). *See* Cal. Lab. Code § 4616.3(b) (requiring treatment within a valid MPN); *see also* 8 Cal. Code of Regs. § 9767.3 (permitting MPN applicants to apply and provide ancillary services through a provider network); 8 Cal. Code of Regs. § 9767.1(a)(1) (defining "Ancillary services" as any medical service or good allowed in

---

[4] Of which Plaintiff is aware as Plaintiff is represented at the WCAB by its very Attorneys of Record in this case. *See* Au-Yeung Declaration, pp. 2-3 ¶¶ 2-7 (Appearance on 9/21 by Attorney David Carman at Plaintiff's WCAB Hearing); *See also* Declaration of O'Connor Decl., pp. 5-7 ¶¶ 9-13 (Pleadings from the underlying WCAB litigation and bills for dates of service signed by Dr. Goubron after his death).

1     Labor Code Section 4600 – including pharmaceutical services).

2     Plaintiff's argues that a workers' compensation defendant is not entitled to
3 raise any of the above defenses. This nonsensical argument – that once treatment is
4 authorized a defendant must pay regardless of who provides the treatment or how the
5 treatment is provided – would render all of the above meaningless and toothless.
6 Furthermore, it would subject employers and insurers to civil racketeering liability for
7 even raising these defenses. Not only is Plaintiff's argument wrong, it is precisely the
8 type of conduct envisioned by California's legislature when it enacted the anti-
9 SLAPP laws. The Legislature found many lawsuits were brought primarily "'to chill
10 the valid exercise of… freedom of speech and petition for redress of grievances.'"
11 Cal. Code of Civ. Pro. § 425.16(a). In an effort to "eliminate meritless or retaliatory
12 lawsuits" the statute "directs the trial court to grant the special motion to strike
13 'unless the court determines that plaintiff has established" a probability of prevailing
14 on the claim. *Seltzer,* 182 Cal.App.4th at 960 (internal quotations and citations
15 omitted).

16     Plaintiff's Opposition brazenly, and without any legal support, argues that the
17 law disallows any inquiry into the practices of lien claimants once an insurer approves
18 treatment. Their imagined interpretation of California's workers' compensation laws
19 would disallow State Fund – and any workers' compensation actor – from enforcing
20 laws and regulations directed at eliminating fraud from the workers' compensation
21 system. *See, generally, Vanguard Med. Mgmt. Billing v. Baker,* No. 5:17-cv-00965-
22 GW-DTB (C.D. Cal. filed April 26, 2018) (Order On Defendant's Motion to Dismiss)
23 (rejecting Plaintiffs' substantive due process argument and stating Cal. Lab. Code §
24 4615 was justified to prevent fraud and "halt[] the ability of criminally charged
25 providers to profit from already-filed workers' compensation claims that may be
26 fraudulent.").

27     Plaintiff's position is wrong, unsupported, and dangerous. Therefore, State
28 Fund respectfully requests that the Court reject Plaintiff's position and find that State

8

CASE NO.: 2:18-cv-03867-RGK-SK
STATE FUND'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO
STRIKE UNDER CAL. CODE OF CIV. PRO. § 425.16

1 | Fund, even where it approved treatment, could still challenge procedural aspects –
2 | including how medication was dispensed – in litigation before the WCAB.

3 |           2.   <u>Plaintiff Cannot Plead Itself Out of the Workers' Compensation</u>
4 |                <u>Exclusivity Doctrine and This Court Should Find No RICO Action Here</u>

5 | Plaintiff engages in circular logic arguing that RICO is not subject to workers'
6 | compensation exclusivity, Plaintiff alleged violation of RICO, and therefore
7 | Plaintiff's claims are not subject to exclusivity. The *Vacanti* decision stands for the
8 | unremarkable proposition that where a Plaintiff pleads a legally-cognizable claim for
9 | RICO, that claim is not barred under California's workers' compensation exclusivity
10 | laws. *See* 24 Cal.4th at 826 ("The pattern of racketeering activity necessary to
11 | establish a RICO enterprise always falls outside the scope of the bargain."). Here,
12 | Plaintiff has not pled a legally cognizable RICO claim premised on the predicate acts
13 | of mail and wire fraud. Such a claim requires Plaintiff to adequately plead fraud
14 | which requires the "misrepresentation or concealment of material fact." *See* Order Re:
15 | Defendant State Fund's Special Motion to Strike (DE 27); Defendant State Fund's
16 | Motion to Dismiss (DE 29); Defendant Express Scripts, Inc.'s Motion to Dismiss (DE
17 | 31), D.E. 47 ("Order Granting Motion to Strike"), p. 8 ¶ 5 (citing *Neder v. United*
18 | *States,* 527 U.S. 1, 22-23 (1999)). As early as November 1, 2015, and in each
19 | subsequent communication, Plaintiff was informed that State Fund would only pay
20 | for medication if dispensed through its PBN. There is no misrepresentation or
21 | concealment and therefore no fraud or RICO[5].

22 | For these reasons, State Fund respectfully requests that the Court strike
23 | Plaintiff's FAC.

24 |       **C. The Court Should Both Dismiss and Strike Plaintiff's FAC.**

25 | California anti-SLAPP law states that the violation is in the filing of the

27 | [5] This is true even assuming, *arguendo*, that Plaintiff's assertion of law is correct –
28 | that State Fund cannot enforce its policy requiring medication be dispensed through
its PBN because there is still no fraud in this case.

9

offensive complaint and a court may render a decision on an anti-SLAPP motion even where the offensive complaint is later amended (*Roberts v. Los Angeles Cty. Bar Ass'n.,* 105 Cal.App.4th 604 (2003)) and where the court lacks subject-matter jurisdiction in the first instance (*Barry v. State Bar of Cal.,* 2 Cal.5th 318 (2017). As anti-SLAPP is a substantive law and interpretation is subject to deference under the *Erie* doctrine[6], State Fund respectfully requests that the Court reject Plaintiff's nullity argument and find itself empowered to rule on State Fund's anti-SLAPP motion.

## III.   CONCLUSION

Plaintiff's FAC is a desperate attempt to collect money which it is currently legally barred from collecting. Plaintiff's Executive Director, Shannon Devane, was criminally charged with various counts of insurance fraud and its liens are currently stayed under Labor Code Section 4615. Plaintiff's Opposition makes clear that it believes it is entitled to payment for dispensing medication and furthermore argues that payment is not subject to any judicial scrutiny once authorized. Plaintiff should not be rewarded for committing criminal insurance fraud and State Fund respectfully requests that the Court strike Plaintiff's FAC.

Dated:  October 1, 2018           NOAH GRAFF
                                  Assistant Chief Counsel

                                  */s/ R. Timothy O'Connor*
                                  R. Timothy O'Connor
                                  John B. de Leon
                                  Attorneys for Defendant
                                  STATE COMPENSATION INSURANCE FUND

---

[6] The Ninth Circuit has applied the *Erie* doctrine and found it permits interlocutory appeals of denials of anti-SLAPP (*Batzel v. Smith,* 333 F.3d 1018, 1025-26 (9th Cir. 2003)) even where such an appeal would not be permissible under federal rules.

10