**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BLUE OAK MEDICAL GROUP, a California Medical Corporation, | No.   18-56610 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-03867-RGK-SK |
| v. | |
| STATE COMPENSATION INSURANCE FUND, a California Corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 12, 2020**
Pasadena, California

Before: BYBEE, COLLINS, and BRESS, Circuit Judges.

Blue Oak Medical Group ("Blue Oak") appeals the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of Blue Oak's first amended complaint against Express Scripts, Inc. ("Express Scripts") and State Compensation

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Insurance Fund ("State Fund"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Blue Oak is a network of occupational medical clinics in Southern California that provides treatment for workers injured on the job. State Fund is a state-created non-profit workers' compensation insurer. *See* Cal. Ins. Code §§ 11770, 11775. State Fund has allowed Blue Oak to participate in its network of medical providers. Express Scripts is a nationwide pharmacy service that serves as State Fund's designated "pharmacy benefit network." *See* Cal. Lab. Code § 4600.2(a); Cal. Code Regs. tit. 8, § 9792.27.8(d).

In its first amended complaint, Blue Oak alleged that State Fund and Express Scripts violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c), by fraudulently inducing Blue Oak to dispense patient medications and then failing to reimburse Blue Oak. Blue Oak also asserted a RICO conspiracy claim, *id.* § 1962(d), and a claim under California Business and Professions Code § 17200, which were both derivative of the underlying RICO claim.

Reviewing *de novo*, *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014), we agree with the district court that Blue Oak failed to state a claim upon which relief can be granted. One of the several elements a RICO plaintiff must allege is "racketeering activity." 18 U.S.C. § 1962(c); *Eclectic*

*Props.*, 751 F.3d at 997.  Here, Blue Oak alleged that State Fund and Express Scripts had engaged in the predicate "racketeering activity" of mail and wire fraud.  *See* 18 U.S.C. §§ 1341, 1343.  Mail and wire fraud require Blue Oak to allege, among other things, "a scheme to defraud," *Eclectic Props.*, 751 F.3d at 997, which "covers any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises." *United States v. Brugnara*, 856 F.3d 1198, 1207 (9th Cir. 2017) (quotations omitted).  Fraud must also be pleaded with particularity under Federal Rule of Civil Procedure 9(b).  *See Odom v. Microsoft Corp.*, 486 F.3d 541, 553–54 (9th Cir. 2007) (en banc).

Blue Oak's operative first amended complaint fails to plead a scheme to defraud Blue Oak into supplying medications with the promise of reimbursement. It is undisputed that State Fund could contract with a pharmacy benefit network like Express Scripts to be its exclusive provider of medications.  *See* Cal. Lab. Code § 4600.2(a); Cal. Code Regs. tit. 8, § 9792.27.8(d).  In its first amended complaint, Blue Oak expressly alleged it was aware that State Fund had entered into such an arrangement with Express Scripts:  "[O]n or about November 1, 2015, [State Fund] had announced a policy that all prescription drugs must be dispensed only through Express Scripts."

In addition, State Fund's written responses to Blue Oak's requests for authorization—which Blue Oak relied upon in its amended complaint and which the

district court could therefore consider in ruling on a motion to dismiss, *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)—specifically stated: "Authorization of medication does not constitute approval to dispense medications from the physician's office. All medication should be filled by an Express Scripts Network pharmacy." Under these circumstances, Blue Oak has not alleged any scheme to defraud or false statements to the effect that Blue Oak would be reimbursed for medications it provided. Moreover, to the extent that Blue Oak experienced persistent difficulties in dealing with Express Scripts after medications were approved, Blue Oak has failed to allege sufficient facts to establish that the approvals were thereby fraudulent when issued.

Because Blue Oak's other claims are derivative of its RICO claim, those claims fail as well. *See Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000); *Smith v. State Farm Mut. Auto. Ins. Co.*, 113 Cal. Rptr. 2d 399, 414 (Cal. Ct. App. 2001).

The district court also did not abuse its discretion in denying leave to amend. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The district court had previously allowed Blue Oak to amend once. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). In seeking leave to amend a further time, Blue Oak "did not propose any new facts or legal theories" to remedy the deficiencies in its first amended complaint. *Gardner v. Martino*, 563 F.3d 981,

991 (9th Cir. 2009).

**AFFIRMED.**